

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL EVERT'S RV COUNTRY, INC.; et al., | No. 17-15730 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-00124-WBS-SKO |
| v. | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| AARON LYON, | |
| Cross-defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 13, 2018**
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Paul Evert's RV Country, Inc. sues its insurer, Universal Underwriters Insurance Company. In an underlying state action brought against Evert's RV and defended by Universal, the court awarded punitive damages against three Evert's RV employees for willfully defaming a competitor. Evert's RV then filed this suit against Universal, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. The parties stipulated below to the dismissal with prejudice of each of Evert's RV's claims against Universal, except for the indemnification claim based on the punitive damages award in the underlying action. The district court entered judgment in favor of Universal on that claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Under California law, "an insured may not shift to its insurance company, and ultimately to the public, the payment of punitive damages awarded in [a] third party lawsuit against the insured as a result of the insured's intentional, morally blameworthy behavior against the third party." PPG Indus., Inc. v. Transamerica Ins. Co., 975 P.2d 652, 658 (Cal. 1999). Allowing such recovery would violate California's "public policy against permitting liability for intentional wrongdoing

2

to be offset or reduced by the negligence of another[,]" and it would "defeat the purposes of punitive damages which are to punish and deter the wrongdoer[.]" Id. The California Supreme Court's decision in PPG controls. It bars Evert's RV from obtaining indemnification from its insurer for the underlying award of punitive damages assessed against Evert's RV's employees for their morally blameworthy behavior.

To the extent Evert's RV seeks a separate punitive damages award against Universal for Universal's conduct in defending the underlying action, that claim is not before us. Evert's RV stipulated below to the dismissal with prejudice of each of its claims against Universal, preserving only its claim for indemnification by Universal of the punitive damages award against Evert's RV in the underlying action.

Appellants shall bear the costs of appeal. See Fed. R. App. P. 39(a)(2).

**AFFIRMED.**